***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted January 27, affirmed December 29, 2022

JOHNNIE LEE,
*Petitioner,*

*v.*

BOARD OF PAROLE AND
POST-PRISON SUPERVISION,
*Respondent.*

Board of Parole and Post-Prison Supervision
A173975

Mark J. Geiger filed the brief for petitioner.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Christopher Page, Assistant Attorney General, filed the brief for respondent.

Before James, Presiding Judge, and Egan, Judge, and Kamins, Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

Petitioner seeks review of an order of the Board of Parole and Post-Prison Supervision (the board) denying his petition, pursuant to ORS 163A.125(1), for relief from sex offender registration. Under ORS 163A.115(2) and an implementing provision, OAR 255-087-0020(3)(b)(A), the board concluded that petitioner was not "eligible for relief from the obligation to report as a sex offender." ORS 163A.115(2). We affirm.

In 1992, after a guilty plea, petitioner was convicted of the North Carolina crime of second-degree sexual offense, currently codified as NC Gen Stat § 14-27.27. When he moved to Oregon in 2002, he was entered into Oregon's sex-offender registry and became obligated to report as a sex offender. In 2019, pursuant to ORS 163A.125(1), he petitioned for relief from the obligation to report as a sex offender. The board concluded that petitioner's conviction for second-degree sexual offense, NC Gen Stat § 14-27.27, was an "equivalent crime," OAR 255-087-0020(3)(b)(A), to the Oregon crime of first-degree sodomy, ORS 163.405, or first-degree unlawful sexual penetration, ORS 163.411. Consequently, the board concluded, petitioner was ineligible for relief from the obligation to report as a sex offender.

Petitioner seeks judicial review. Petitioner's arguments on review are narrow. He does not assert that OAR 255-087-0020(3)(b)(A) improperly expands the list of crimes that disqualify a petitioner from relief from the reporting requirement. He does not address what standard the board, or we, should apply to determine whether an out-of-state conviction is for an "equivalent crime" to one or more of the crimes listed in ORS 163A.115(2). And he does not raise any argument about elements of NC Gen Stat § 14-27.27, ORS 163.405, or ORS 163.411 that are not expressly stated in the statutes themselves. That is, petitioner's arguments about equivalence are narrowly focused on a few of the words of the statutes; he does not raise any arguments based on judicial interpretations of those words or elements that may be implicit in the statutes but are not expressly stated.

Petitioner raises three contentions. First, he contends that the board erred in focusing on the facts that led to his

conviction—which were never adjudicated or admitted—rather than focusing on the crime of conviction itself. We reject that argument because, in its administrative review response, the board was clear that its analysis was focused on the crime of conviction, not the underlying facts. Second, he argues that it is impossible to recover the text of the North Carolina statute, and its related definition provision, as they existed in 1992, when petitioner was convicted, and, consequently, that the board did not, and never can, accurately compare the North Carolina statute to Oregon statutes. We reject that argument for two reasons. First, it is not impossible to find the 1992 text of the North Carolina statute.[1] Second, to the extent that petitioner is arguing that the board erred in applying the current version of the statute, that argument is not preserved; before the board, petitioner contended that the board should apply the current version of the statute.

Third, and finally, petitioner argues that the elements listed in the text of ORS 163.405, first-degree sodomy, and ORS 163.411, first-degree unlawful sexual penetration, "are different 'enough' from the presumed North Carolina offense, that it creates substantial doubt as to whether the Oregon offenses are similar to the North Carolina offense of conviction, or whether the North Carolina offense is more closely aligned with [third-degree] sexual abuse," a misdemeanor that would not disqualify petitioner from relief from the reporting requirement. Again, we emphasize that petitioner's arguments are narrowly focused on a few of the elements of the statutes that are explicitly stated in the text. His arguments do not raise any question of what additional elements may apply based on other statutes or judicial interpretation.

Although, as noted above, petitioner has not identified any method by which the textual elements should be

---

[1] Even in the absence of the correct version of a state's statutory compilation, one can learn what a statute said on a given date by consulting the statute's enactment and amendment history, which is listed in the statutory compilation, and looking at each of the listed bills in the state's session laws. *See, e.g.*, NC Laws 1979, ch 682, § 1; NC Laws 1979, ch 1316, § 1; NC Laws 1981, ch 63, § 179 (enacting, and then amending, *former* NC Gen Stat § 14-27.5 (1992), *renumbered as* NC Gen Stat § 14-27.27 (1995)), ncleg.gov/Laws/SessionLaws (accessed Dec 2, 2022).

compared, we will assume, without deciding, that the "close element matching" approach articulated by the Supreme Court in *State v. Carlton*, 361 Or 29, 42, 388 P3d 1093 (2017), and elaborated in *State v. Guzman/Heckler*, 366 Or 18, 20, 455 P3d 485 (2019), applies.

Petitioner makes two arguments about the text of NC Gen Stat § 14-27.27 as compared to the text of ORS 163.405 and ORS 163.411. First, he contends that the North Carolina statute addresses different sexual acts from Oregon's first-degree sodomy statute, ORS 163.405. NC Gen Stat § 14-27.27 prohibits certain "sexual act[s]."[2] "Sexual act" is defined as "[c]unnilingus, fellatio, analingus, or anal intercourse, but does not include vaginal intercourse. Sexual act also means the penetration, however slight, by any object into the genital or anal opening of another person's body. It is an affirmative defense that the penetration was for accepted medical purposes." NC Gen Stat § 14-27.20(4).

ORS 163.405, first-degree sodomy, can apply if a person "engages in oral or anal sexual intercourse with another person or causes another to engage in oral or anal sexual intercourse." "Oral or anal sexual intercourse" is defined as "sexual conduct between persons consisting of contact between the sex organs of one person and the mouth or anus of another." ORS 163.305(3).

Petitioner asserts that "sodomy I requires sexual intercourse, unlike the North Carolina law." However, petitioner fails to consider the definition of "oral or anal sexual intercourse," which defines the relevant sexual conduct for first-degree sodomy as "contact between the sex organs of one person and the mouth or anus of another." ORS 163.305(3).

---

[2] NC Gen Stat § 14-27.27 provides, as follows:

"(a) A person is guilty of second degree forcible sexual offense if the person engages in a sexual act with another person:

"(1) By force and against the will of the other person; or

"(2) Who has a mental disability or who is mentally incapacitated or physically helpless, and the person performing the act knows or should reasonably know that the other person has a mental disability or is mentally incapacitated or physically helpless.

"(b) Any person who commits the offense defined in this section is guilty of a Class C felony."

That definition does not include vaginal intercourse or any other act that the North Carolina statute omits. Contrary to petitioner's argument, the statutes' treatment of sexual intercourse does not meaningfully distinguish them from each other.

Second, we understand petitioner to argue that first-degree unlawful sexual penetration, ORS 163.411, does not prohibit the same conduct as NC Gen Stat § 14-27.27 because the Oregon statute applies to penetration by "any object other than the penis or mouth of the actor," ORS 163.411(1), whereas the North Carolina statute simply prohibits penetration by "any object," NC Gen Stat § 14-27.20(4). Petitioner is correct that, in that instance, the North Carolina statute is broader in scope than Oregon's first-degree unlawful sexual penetration statute, standing alone.

However, here, the additional conduct that petitioner identifies as being covered by the North Carolina offense—penetration by the mouth or penis of the actor[3]—is entirely covered by Oregon's first-degree sodomy statute, which treats that conduct as equally serious (both offenses are Class A felonies). *See Guzman/Heckler*, 366 Or at 38 ("A difference in statutory elements that is confined to conduct that, although not proscribed in the same statute, is nevertheless proscribed and treated with the same or greater level of seriousness in Oregon is not likely to be a difference that will preclude the foreign offense from being a close element match."). Thus, the difference in scope that petitioner has identified does not demonstrate any error in the board's reasoning.

Finally, to any extent to which petitioner argues that ORS 163.405's inclusion of age-based provisions means that it is meaningfully different from NC Gen Stat § 14-27.27 because it proscribes conduct that the North Carolina statute does not, the Supreme Court has rejected that view. *Guzman/Heckler*, 366 Or at 37 n 7 ("When a foreign offense differs from an Oregon offense only because it is narrower,

---

[3] As petitioner points out in his earlier argument, the North Carolina definition of "sexual act," NC Gen Stat § 14-27.20(4), specifically excludes vaginal intercourse, so the North Carolina statute covers penetration by any object of a "genital or anal opening of the body" except vaginal penetration by a penis.

that difference will not preclude the offense from being a close element match.").

Affirmed.